## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

In re:

Mahabubur Rahman,                                                      Chapter 7
                      Debtor(s).
                                                      Case No. 22-31106-KLP

John P. Fitzgerald, III,
Acting United States Trustee
Region Four,

                      Plaintiff

v.

Mahabubur Rahman,                                                      Adv. Proc No. _____

                      Defendant(s).

### COMPLAINT OBJECTING TO DISCHARGE

John P. Fitzgerald, III, the Acting United States Trustee for Region Four (the "United States Trustee"), by counsel, respectfully objects to the discharge pending for the debtor, Mahabubur Rahman, (the "Debtor"), and in support thereof, states as follows:

### Parties

1.  John P. Fitzgerald, III, is the Acting United States Trustee for Region Four.

2.  On or about April 26, 2022 (the "Petition Date"), the Debtor, with the assistance of counsel, Ronald W. Stern, Esquire, filed a voluntary petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), designated as Case Number 22-31106-KLP.

3.  On or about April 27, 2022, William A. Broscious (the "Chapter 7 Trustee") was

---

Kathryn R. Montgomery, Esq., AUST (Va. Bar No. 42380)
Shannon Pecoraro, Esq. (Va. Bar No. 46864)
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310
Facsimile (704) 771-2330

appointed as the Chapter 7 Trustee and continues to serve as the Chapter 7 Trustee in this bankruptcy case.

## Jurisdiction and Venue

4. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 727. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (J).

6. This Complaint is brought by the United States Trustee in furtherance of his duties as set forth in 28 U.S.C. § 586(a)(3) and (5).

7. The United States Trustee has previously sought and received extensions of time to pursue a complaint to object to the Debtor's discharge. Pursuant to this Court's Order entered on December 13, 2022, the last day to file a complaint objecting to the Debtor's discharge is February 21, 2023.

8. The United States Trustee has timely filed this complaint.

## Facts Common To All Counts

9. Upon information and belief, prior to the Petition Date, the Debtor owned varying interests in certain restaurants, which specialized primarily in the sale of chicken wings.

10. As a result of his business ventures, the Debtor was, on various occasions, unable to service his debt, which caused his bankruptcy filing.

11. On the Petition Date, the Debtor filed with the Court a voluntary petition seeking relief pursuant to chapter 7 of the Bankruptcy Code [ECF 1].

12. Simultaneous with filing his petition, the Debtor also filed his initial schedules (the "Original Schedules") and Statement of Financial Affairs (the "Original SOFA"). The Original Schedules and Original SOFA are hereafter referred to collectively as the "Initial Schedules" [ECF 1].

13. On April 29, 2022, this Court entered the Order to Debtor (the "Debtor Order") [ECF 6], which provides, in pertinent part, that the Debtor shall a) preserve all property, b) not transfer or conceal property, c) preserve all recorded information, including books, documents, records and papers, from which the Debtor's financial condition or business transactions might be ascertained and make same available to the Chapter 7 Trustee upon request, and d) cooperate with the Chapter 7 Trustee to enable the trustee to perform his or her duties.

14. In his Initial Schedules, the Debtor made material misrepresentations.

15. Specifically,

(A) Voluntary Petition Question 4 asks the Debtor to list "Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years. Include trade names and doing business as names." Debtor's answer to this question was "I have not used any business name or EIN's."

(B) Schedule B, Question 19 asks the Debtor to disclose any interest in "Non-publicly traded stock and interests in incorporated businesses, including an interest in an LLC, partnership and joint venture." The Debtor's answer to this question was "No."

(C) Schedule B, Question 37 asks "Do you own or have any legal or equitable interest in any business-related property?" The Debtor's answer to this question was "No."

(D) Schedule B, Question 53 asks "Do you have any other property of any kind you did not already list?" The Debtor lists the following:

　　i. i) 20% ownership interest in MYSHA Management 2, Inc. (the "Mysha Interest")

　　ii. ii) interest in M&B Wings, Inc. (the "M&B Wings Interest")

　　iii. iii) 60% ownership interest in M&R Wince Corp. (the "M&R Wince Interest")

    iv. iv) 37.5% ownership interest in Ridwanbinaaya Wings, Inc. (the "Ridwanbinaaya Interest"), and

    v. v) 20% ownership interest in Mysha Management 2 (the "Mysha 2 Interest").

(E) SOFA Question 4 asks "Did you have any income from employment or from operating a business during this year or the two previous calendar years?" The Debtor discloses i) $0.00 for January 1 until the date of filing bankruptcy, ii) $31,750.00 for 2022, and iii) $24,477.00 for 2020.

(F) SOFA Question 13 asks "Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?" The Debtor's answer to this question was "No."

(G) SOFA question 18 asks "Within 2 years before you filed bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?" The Debtor listed only the transfer of a 2015 Infiniti QX50 to Sirajul Islam, for which he received $3,000.00 in March 2022.

(H) SOFA question 27 asks "Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?" Debtor discloses the following:

    i. i) M&R Wince Corp. since March 2016,

    ii. ii) Ridwan Innaya Wings, Inc. since March 2000,

    iii. iii) Mysha Management 2, Inc. since 2019,

    iv. iv) M&B Wings, Inc. from January 2021 to September 2021.

(I) SOFA question Question 28 asks "Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all

financial institutions, creditors or other parties." The Debtor's answer to this question is "no."

16. The Debtor signed the Initial Schedules declaring under penalty of perjury that the information was true and correct.

17. The Chapter 7 Trustee conducted the initial § 341 meeting on May 23, 2022 (the "Initial § 341 Meeting"), which was adjourned to June 13, 2022, July 25, 2022, August 15, 2022, September 19, 2022, October 3, 2022, October 25, 2022, and November 28, 2022 (collectively, the "Adjourned § 341 Meetings").

18. Upon information and belief as well as a review of the Debtor's Initial Schedules, and based on the Debtor's sworn testimony at the Initial § 341 Meeting, the Debtor made the following substantial financed purchases within the year prior to filing the bankruptcy case –

(A) September 2021 – Purchase of residence at 5712 Francistown Road, Glen Allen, Virginia 23060 (the "Residence")– Mortgage of approximately $520,000.00 per Schedule D, Value listed at $580,000.00.

(B) November 2021 – Purchase of a 2022 Honda Pilot (the "2022 Pilot") – Secured Loan of approximately $37,000.00 per Schedule D, Value listed at $39,950.00.

19. On or about June 9, 2022, after the Initial § 341 Meeting and the Chapter 7 Trusting noting many areas of concern in the Initial Schedules noted by the Chapter 7 Trustee, the Debtor filed an amended Statement of Financial Affairs (the "First Amended SOFA") and amended schedules A/B, C, E/F, I and J (the "First Amended Schedules"). The First Amended Schedules and First Amended SOFA shall be referred to collectively hereafter as the "Amended Schedules." [ECF 14 and 16].

20. In his Amended Schedules, the Debtor failed to correct the voluntary petition, Question 4 and Schedule B, Questions 19 and 37.

21. In the Amended Schedules, the Debtor made the following material changes,

    (A) Schedule B, Question 53 is amended to list a) 45% ownership interest in M&B Wings, Inc. and b) 60% ownership of M&R Wince Corp.

    (B) SOFA Question 4 is amended to disclose much higher income as follows: i) $13,487.20 for January 1 until the date of filing bankruptcy, ii) $68,292.00 for 2022, and iii) $56,227.00 for 2020.

    (C) SOFA Question 7 is amended to disclose a payment to an insider, Sumon Miah on October 2, 2021 of $12,394.45.

    (D) SOFA Question 18 is amended to disclose the following additional transfers: a) 37.5% interest in Ridway & Inaaya Wings, Inc. to Rabeya Tania (Debor's friend) on April 29, 2022, b) 37.5% interest in Ridwan & Inaaya Wings, Inc. to Asma Akter (Debtor's wife) on April 29, 2022, and c) Debtor's interest in Mysha Management 2, Inc. to Asma Akter (Debtor's wife) "possibly after the Petition Date."

22.      SOFA Question 27 is amended to disclose the following interests in businesses:

    (a)     Ridwan & Inaaya Wings, Inc. (the "Ridwan & Inaaya Interest");
    (b)     Mysha Management 2;
    (c)     M&R Wince Corp. (the "M&R Wince Interest");
    (d)     M&B Wings, Inc. (the "M&B Wings Interest").

23.      SOFA Question 28, which asks "Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors or other parties" is amended by the Debtor to state "this will have to be supplemented as debtor did obtain a mortgage and there must be financial statements given."

24.      To date, SOFA Question 28 has not been amended to disclose specifics; and no financial statements have been produced to the Chapter 7 Trustee.

25.      The Debtor signed the Amended Schedules under penalty of perjury that the answers are true and correct.

26. The Debtor appeared and testified at the Initial § 341 Meeting and various of the Adjourned § 341 Meetings.

27. On or about July 19, 2022, the Chapter 7 Trustee determined that his case was an asset case and filed a Request for Asset Notice [ECF 25].

28. On or about August 1, 2022, counsel for the Debtor filed a Motion to Withdraw As Attorney (the "Motion To Withdraw") [ECF 36]. In the Motion To Withdraw, counsel states "[a]fter reviewing the Debtor's answers to his questionnaire and preparation of the filing of this Petition, it appeared after the creditors hearings that the Debtor transferred businesses he had a property interest in without notifying counsel." Counsel further states that "[t]he Debtor had been unable to provide complete disclosures required by the Chapter 7 Trustee, despite multiple demands from Counsel." See Motion To Withdraw ¶¶ 2 and 5.

29. On August 31, 2022, the hearing was held on counsel's Motion to Withdraw as Attorney, and an Order granting was entered by this Court on September 8, 2022 [ECF 50].

30. The Debtor is now proceeding in this case *pro se*.

31. On or about August 11, 2022, the Chapter 7 Trustee filed an Application to Employ Counsel for the Trustee [ECF 40]; and an Order granting was entered by this Court on August 17, 2022 [ECF 46].

**Allegations Common To All Counts**

32. The Debtor made substantial material misrepresentations in his Initial Schedules.

33. After the Initial § 341 Meeting, the Debtor filed Amended Schedules, which continued to contain material misstatements.

34. The Debtor has failed to produce all requested documentation to the Chapter 7 Trustee and United States Trustee.

35. The Debtor has failed to keep business records from which his financial interests can be ascertained.

36. During a time when he was heavily in debt, the Debtor made pre-petition transfers to related parties and/or friends.

37. During a time when he was heavily in debt and shortly before the Petition Date, the Debtor purchased the Residence and the 2022 Pilot.

38. The Debtor made unauthorized post-petition transfers to related parties.

39. Upon information and belief, the Debtor also had an ownership interest during the relevant time period in the following companies: Americas Best Buffalo Wings, LLC (the "Best Wings Interest), M&S Wings, Inc. (the "M&S Wings Interest") and Ridwan Biniya Wings II (the "Ridwan Beniya Interest").

40. Upon information and belief, in 2018, the Debtor transferred the Best Wings Interest to his wife, Asma Akter ("Ms. Akter") for little or no consideration (the "Best Wings Transfer").

41. Upon information and belief, the Best Wings Interest was never transferred back to the Debtor.

42. On or about April 8, 2019, the Debtor and another individual personally guaranteed the lease of M&B Wings d/b/a Americas Best Wings & Pizza with Vland Chicago 95th LLC ("Vland"), located at 9529 S. Western Avenue, Chicago, IL 60643.

43. Upon information and belief, shortly thereafter, the Debtor transferred the M&S Wings Interest to Ms. Akter for little or no consideration (the "M&S Wings Transfer", and together with the Best Wings Transfer, the "Pre-petition Transfers").

44. Upon information and belief, in April of 2020, M&B Wings, the Debtor, and the other guarantor stopped making monthly lease payments to Vland.

45. On or about February 10, 2022, Vland sued M&B Wings, the Debtor, and the other guarantor (the "Vland Litigation").

46. Shortly thereafter, on or about April 29, 2022, the Debtor transferred his Ridwan &

Inaaya Interest (the "Ridwan & Inaaya Transfer") and his Ridwan Beniya Interest (the "Ridwan Beniya Transfer") to Ms. Akter for little or no consideration.

47. On or about June 4, 2022, the Debtor transferred his Mysha Interest (the "Mysha Transfer") to Ms. Akter for little or no consideration.

48. The Ridwan & Inaaya Transfer, the Ridwan Beniya Transfer and the Mysha Transfer are hereafter referred to as the "Post-petition Transfers."

49. The Debtor did not request and did not receive this Court's approval for the Post-Petition Transfers.

50. The Pre-petition Transfers and the Post-petition Transfers from the Debtor to Ms. Akter are hereafter referred to collectively as the "Akter Transfers."

51. Upon information and belief, on August 11, 2022, and November 16, 2022, the Chapter 7 Trustee mailed correspondence to Ms. Akter requesting that she return the transferred property. To date, Ms. Akter has refused to respond and continues to exercise control over the numerous transferred business interests.

52. On or about January 10, 2023, the Chapter 7 Trustee filed an adversary proceeding designated as Case Number 23-03004-KLP requesting the return of the Akter Transfers from Ms. Akter. The deadline for Ms. Akter to answer was February 16, 2023; and the Pre-Trial Conference is set for March 15, 2023. As of the filing of this complaint, Ms. Akter has not filed a response to the Chapter 7 Trustee's adversary proceeding.

## Count One

53. The allegations contained in the above paragraphs are incorporated herein.

54. 11 U.S.C. § 727(a)(2) provides, in pertinent part, that the Court shall grant the Debtor a discharge unless "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed,

mutilated, or concealed—(A) property of the debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition." 11 U.S.C. § 727(a)(2) (2022).

55. Courts have recognized that a "'reckless indifference to the truth' constitutes the 'functional equivalent of fraud.'" Hatton v. Spencer (In re Hatton), 204 B.R. 477, 484 (E.D.Va. 1997) (citing In re Johnson, 139 B.R. 163, 164 (Bankr. E.D.Va. 1992).

56. Courts have recognized that intent to defraud may be shown through circumstantial evidence, and the commonly cited badges of fraud are: (1) the lack or inadequacy of consideration; (2) the family, friendship or close associate relationship between the parties; (3) the retention of possession, benefit or use of the property in question; (4) the financial condition of the party sought to be charged both before and after the transaction in question; (5) the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and (6) the general chronology of the events and transactions under inquiry. Salomon v. Kaiser (In re Kaiser), 722 F.2d 1574, 1582-83 (2d Cir. 1983).

57. "Continuing concealment sufficient to bring transfers within the one year statutory period of 11 U.S.C. § 727(a)(2)(A) may be found when the debtor transfers legal title to property outside the one year period, but retains a beneficial or equitable interest in the property into the one year period. If the debtor continues to use, enjoy, and control the property transferred as if the property remained his own, then he retains a beneficial interest in the property." In re Howard, 55 B.R. 580, 584 (Bankr. E.D.N.C. 1985) (internal citations omitted).

58. The Debtor's actions in this case with regard to the Akter Transfers, at a minimum, create a presumption of intent to hinder, delay or defraud creditors.

59. The U.S. Trustee objects to the discharge of the Debtor pursuant to 11 U.S.C. § 727(a)(2)(A) on the grounds that the Debtor transferred or concealed or permitted to be

transferred or concealed property of the Debtor in the year prior to his petition date with the intent to hinder, delay or defraud his creditors as well as an officer of the estate.

60. The U.S. Trustee objects to the discharge of the Debtor pursuant to 11 U.S.C. § 727(a)(2)(B) on the grounds that the Debtor transferred or concealed or permitted to be transferred or concealed property of the Debtor after the Petition Date with the intent to hinder, delay or defraud his creditors as well as an officer of the estate, namely, the Chapter 7 Trustee.

61. Based on the foregoing, the discharge of Debtor should be denied under 11 U.S.C. § 727(a)(2).

### Count Two

62. The allegations contained in the above paragraphs are incorporated herein.

63. 11 U.S.C. § 727(a)(3) provides, in pertinent part, that the Court shall grant the Debtor a discharge unless "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, . . ." 11 U.S.C § 727(a)(3) (2022).

64. On information and belief, the Debtor has concealed, destroyed, mutilated or failed to keep or preserve the requested documentation from which his financial condition or business transactions might be ascertained.

65. Despite numerous requests as well as a specific Court order (the Debtor Order) directing him to cooperate, the Debtor has failed to provide requested documents to the Chapter 7 Trustee.

66. Based on his failure to provide the requested documentation, it can be surmised that the Debtor has failed to preserve or is concealing the requested documentation.

67. Based on the foregoing, the discharge of Debtor should be denied under 11 U.S.C. § 727(a)(3).

## Count Three

68. The allegations contained in the above paragraphs are incorporated herein.

69. 11 U.S.C § 727(a)(4) provides, in pertinent part, that the Court shall grant the Debtor a discharge unless:

> the debtor knowingly and fraudulently, in or in connection with the case –
> (A) made a false oath or account;
> . . .
> (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

11 U.S.C. § 727(a)(4) (2022).

70. The Debtor has knowingly and fraudulently withheld from the Chapter 7 Trustee books, documents, records and papers relating to his property and financial affairs by not producing the requested records despite repeated requests.

71. "A false oath is 'material,' and thus sufficient to bar discharge, if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property." In re Chalik, 748 F.2d 616, 618 (11th Cir. 1984).

72. The U.S. Trustee objects to the discharge of the Debtor pursuant to 11 U.S.C. § 727(a)(4) on the grounds that the Debtor knowingly and fraudulently made false oaths in and in connection with this case in the filing of his Initial Schedules, which contained numerous material misstatements.

73. Specifically, the Debtor failed to properly disclose his business interests, his historical income, transfers of money, and the Akter Transfers.

74. Though the Debtor filed Amended Schedules, the amendments occurred after the Initial § 341 Meeting, at which time the Chapter 7 Trustee uncovered various discrepancies.

75. The Amended Schedules also contained material misstatements in that they failed

to properly disclose, at a minimum, all of the Debtor's business interests during the relevant time period.

76. To date, the Debtor has not further amended his schedules to correct the misstatements.

77. Under penalty of perjury, the Debtor certified multiple times that his Initial Schedules and Amended Schedules were true and correct to the best of the Debtor's knowledge, information and belief, when in truth and fact, the schedules failed to accurately disclose required, material information including, but not limited to, property owned as well as property transferred by the Debtor.

78. Upon information and belief, at the Initial § 341 Meeting, the Debtor gave material testimony under oath that he knew was false. By way of example and not limitation, the Debtor testified at the Initial § 341 Meeting that his schedules were accurate when he knew they did not disclose all of his income, assets and transfers of property.

79. Additionally, even though various of the Post-Petition Transfers to Ms. Akter had occurred as of the Initial § 341 Meeting, the Debtor failed to alert the Chapter 7 Trustee of such transfers.

80. Rather, the Debtor falsely testified that he still had an ownership interest in businesses he had just transferred to his wife, Ms. Akter, shortly before the Initial § 341 Meeting.

81. The Chapter 7 Trustee requested certain documentation, which, to date, has not been produced despite repeated request and the Debtor Order directing him to produce such documentation and otherwise cooperate.

82. Accordingly, the Debtor has withheld from an officer of the estate entitled to possession under title 11, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

83. Based on the foregoing, the Debtor is not entitled to a discharge pursuant to 11

U.S.C. § 727(a)(4).

## Count Four

84. The allegations contained in the above paragraphs are incorporated herein.

85. 11 U.S.C. § 727(a)(5) provides that the Court shall grant the Debtor a discharge unless "[t]he debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities" 11 U.S.C. § 727(a)(5) (2022).

86. By failing to produce the requested documentation, the Debtor has failed to explain the loss of assets to meet his liabilities.

87. Additionally, while heavily in debt and shortly before the Petition Date, the Debtor transferred business interests, incurred a substantial mortgage on his Residence and purchased a new car.

88. Post-petition, the Debtor continued to dissipate his assets through the Post-Petition Transfers to his wife, Ms. Akter.

89. The Debtor has failed to explain satisfactorily the loss of assets to meet his liabilities.

90. In addition, due to the Debtor's failure to produce the requested documentation, the Chapter 7 Trustee and the United States Trustee are unable to satisfactorily determine the deficiency of assets to meet the Debtor's liabilities.

91. Based on the foregoing, the Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(5).

**WHEREFORE,** the United States Trustee by counsel, respectfully requests that the Court (a) deny the Debtor's discharge and (b) grant the United States Trustee such other and further relief which the Court may deem equitable and just.

Respectfully submitted,

John P. Fitzgerald, III
Acting U.S. Trustee for Region Four

By: /s/ Shannon Pecoraro
Shannon Pecoraro
Trial Attorney